VAN C. ARGIRIS AND COMPANY, Plaintiff-Appellant, *v.* PAIN/WETZEL AND ASSOCIATES, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 77-652

Opinion filed August 10, 1978.—Rehearing denied September 7, 1978.

O'Brien, Skontos & Stamos and Morgan, Laoff, Denniston & Morgan, Ltd., both of Chicago, for appellant.

Donald L. Johnson, Susan R. Sneider, and Kirkland & Ellis, all of Chicago (Frank L. Winter and Marks, Katz, Walter & Blatt, of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County. Van C. Argiris and Company (hereinafter called "Argiris") instituted the action in the circuit court for a declaratory judgment that certain disputed matters between the plaintiff and Pain/Wetzel and Associates, Inc., an Illinois corporation, Richard Pain, James Wetzel, Robert Greisser, Leslie Spinner, The Kelly-Springfield Tire Company, a foreign corporation, The Chicago Real Estate Board, Inc., a not-for-profit Illinois corporation, G. Brock Stewart, Charles R. Fitch, Joseph T. O'Rourke, Marvin J. Neiman and Karl Felbinger (hereinafter called "defendants") were not subject to arbitration by the Chicago Real Estate Board (hereinafter called the "Board"). On motion of the defendants to dismiss, the trial court entered an order dismissing the complaint as to all defendants and holding the disputes between the broker parties to be within the jurisdiction of the Board. Leave was given to amend as against the nonbroker only. Argiris now appeals from this order.

The issues presented for review are (1) whether the circuit court erred

in dismissing a dispute between a broker and his employee salesman broker, and in finding such dispute is subject to arbitration by the Chicago Real Estate Board bylaws; and (2) whether the circuit court erred in dismissing a dispute between brokers and one nonbroker, Kelly-Springfield, for tortious interference with a contractual relationship, with leave given to amend as to the nonbroker, and finding the broker dispute is subject to arbitration by the Chicago Real Estate Board bylaws. The nonbroker, Kelly-Springfield, case remains in the circuit court.

The plaintiff, Argiris, is an Illinois corporation which is licensed by the State of Illinois as a real estate broker. Argiris is also a member in good standing of the defendant Board. The defendants Pain/Wetzel and Associates, Inc. (hereinafter called "Pain/Wetzel"), Richard Pain, James Wetzel, Robert Greisser and Leslie Spinner are licensed by the State of Illinois as real estate brokers, and are also members in good standing of the defendant Board. The defendant Kelly-Springfield Tire Company, a foreign corporation (hereinafter called "Kelly-Springfield"), is neither a licensed real estate broker nor a member of the Board. Also named as defendants with the Board are five individual members of the Arbitration Committee of the defendant Board.

Argiris' complaint is in two counts. The first count is for a declaratory judgment that certain disputed matters between Argiris and the defendant brokers and the defendant Kelly-Springfield are not subject to arbitration. The second count is for actual and punitive damages against the broker defendants and the defendant Kelly-Springfield for tortious interference with a contractual relationship of Argiris.

The complaint sets out the defendant, Robert Greisser, was an employee of Argiris from 1962 until May 31, 1973. On or about July 29, 1976, the defendant Greisser filed a complaint with the defendant Board asking for arbitration of a claim for monies due, which claim arose during the period of time the defendant Greisser was in the employ of Argiris.

Argiris further alleged that on December 13, 1974, it entered into an exclusive listing agreement with the defendant Kelly-Springfield for the subleasing or leasing of certain warehouse space in Des Plaines, Illinois. Argiris alleges the broker defendants became aware of the availability of the warehouse space through the efforts of Argiris. It is contended by Argiris the broker defendants, during the existence and with full knowledge of the exclusive listing agreement between Argiris and the defendant Kelly-Springfield, conferred with the defendant Kelly-Springfield and caused the defendant Kelly-Springfield to terminate and not renew its exclusive listing agreement with Argiris. It is also alleged the defendant Pain/Wetzel intended to acquire the property itself.

On motion of the defendants, Argiris' complaint was stricken with the trial court ruling the parties were bound to arbitration pursuant to the

Board bylaws. As to the defendant Kelly-Springfield, Argiris was given leave to file an amended complaint. An amended complaint has been filed against the defendant Kelly-Springfield.

Section 1 of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 101), provides, in pertinent part:

"* * * [A] provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract."

Section 3 of article VII-A of the Board bylaws provides, in pertinent part:

"The procedure provided for by this Article VII-A is hereby expressly made subject to the Illinois Uniform Arbitration Act of 1961. This Article VII-A does and shall at all times constitute a written agreement within the meaning of said Act by all Active Principal, Active Non-Principal, Associate Salesman and Associate members of the Board to submit to arbitration any controversy between them of a nature described in Section 2(a) of this Article. * * *"

Section 2(a) of article VII-A provides, in pertinent part:

"The Arbitration Committee shall have jurisdiction over any controversy between members related to a commission claimed or charged by or paid to such members or to any other matters arising out of their business as brokers or agents. * * *"

The sections of the bylaws just quoted constitute the agreement to arbitrate.

Argiris claims since the matter in dispute between itself and the defendant, Robert Greisser, arose while he was an employee of Argiris the dispute is not subject to arbitration under the Board's bylaws.

Argiris cites article 14 of the Code of Ethics, adopted by the Board, which states:

"In the event of a controversy between realtors associated with different firms, arising out of their relationship as realtors, the realtors shall submit the dispute to arbitration in accordance with the regulations of their board or boards rather than litigate same."

After citing article 14, Argiris argues the article provides an exception from arbitration for those disputes which arise between employer broker and employee. To this we disagree.

■■ ■ Nothing in the language of article 14 of the Code of Ethics prohibits the members of the Chicago Real Estate Board from agreeing to arbitrate classes of disputes not specifically referred to in article 14. Sections 3 and 2(a) of article VII-A of the bylaws covers controversies between members, even if these members happen to be associated with

the same firm. These arbitration sections of the bylaws are binding in the State of Illinois under the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 101). A matter in dispute between an employer broker and his employee broker, therefore, is subject to arbitration.

Argiris additionally claims an action against certain brokers for tortious interference with Argiris' multiple listing service customer is not a controversy which is subject to arbitration under the bylaws. Argiris claims the arbitration provisions of the bylaws are generic, nonspecific and broad, and nowhere is there an indication it is the intent of the Board to submit actions for the tort of malicious interference with a contractual relationship to arbitration.

■■ We hold an allegation of malicious interference by one broker with the contractual relationship of another broker and an owner of real estate is a "controversy * * * relating to * * * matters arising out of their business as brokers or agents," under section 2(a) of article VII-A of the bylaws.

In an issue related to the issue of the Board's jurisdiction over the interference of contract action, Argiris claims Kelly-Springfield is a necessary party to that action.

The trial court's order appealed from specifically found, inter alia, "As to Defendant Kelly-Springfield the Complaint is legally insufficient in that it fails to allege any facts supporting a claim of any wrongdoing by said Defendant." Upon dismissal of the claim, however, the court granted Argiris time to file an amended complaint against Kelly-Springfield.

Argiris was given the opportunity to litigate its claim against Kelly-Springfield in the circuit court and its claim against the remaining defendants in arbitration. It could, of course, call any of the defendants as witnesses in either proceeding.

■■ The question of whether Kelly-Springfield is a necessary party to the interference of contract action, along with certain broker defendants, hinges on certain factual determinations in the case. These questions of fact will properly be determined by the circuit court in its consideration of the amended complaint against Kelly-Springfield. A finding Kelly-Springfield is a necessary party would be res judicata and must be considered by the arbitrator. Until such a finding or determination is made jurisdiction of Argiris' claim against the broker defendants is in arbitration and jurisdiction of Argiris' claim against the nonbroker defendant, Kelly-Springfield, is in the circuit court of Cook County.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

JOHNSON, P. J., and LINN, J., concur.