LAWRENCE WROBEL, Plaintiff-Appellee, *v.* VAN C. ARGIRIS *et al.*,
Defendants-Appellants.

First District (1st Division)    No. 78-1669

Opinion filed July 2, 1979.

Morgan, Lanoff, Denniston & Madigan, Ltd., of Chicago, for appellants.

Lewis W. Schlifkin, of Edward A. Berman, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Lawrence Wrobel (plaintiff), a real estate salesman, filed a request for arbitration with the Chicago Real Estate Board. The arbitration committee found certain commissions due and owing to plaintiff. The trial court confirmed this award as to Van C. Argiris and Van C. Argiris & Co. (defendants). Defendants appeal.

Both Argiris individually and the corporation were members of the Chicago Real Estate Board. Both defendants had notice of the arbitration hearing but failed to appear. They were not represented by counsel. The arbitration committee awarded plaintiff $14,856.19 against defendant Argiris, referring to him as "respondent."

In the trial court, plaintiff filed a complaint for judgment on the

award against both defendants. Defendants filed a motion to vacate the award alleging, among other things, that Argiris should not be held individually liable. Defendants' motion was denied. Plaintiff's motion was granted. Judgment was entered in favor of plaintiff and against both defendants for $14,856.19, being the amount of the award, plus $594.24 in interest on the award.

In this court, defendants contend the award should be vacated because the arbitration committee exceeded its power in awarding interest to plaintiff and defendant Argiris should not be held individually liable.

## I.

Interest is properly allowed on awards, as well as on judgments. (*Wirth v. Industrial Com.* (1976), 63 Ill. 2d 237, 240-41, 347 N.E.2d 136.) The pertinent statute (Ill. Rev. Stat. 1977, ch. 74, par. 3) states:

> "When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment."

■■ Payment of interest arises from statute and not from agreement between the parties. (*Noe v. City of Chicago* (1974), 56 Ill. 2d 346, 350, 307 N.E.2d 376.) We conclude that provision for interest on the award was appropriate here.

Defendants contend an award of interest was beyond the scope of the arbitrator's powers. The arbitration report simply found $14,856.19 due plaintiff aside from interest. The interest was allowed by the trial court pursuant to the above statute and was not awarded by the arbitration committee. Defendants raise no issue on the amount of interest allowed.

## II.

■■ Defendant Argiris individually argues he was not properly a party to the instant action and should not be held individually liable for the judgment. This contention is without merit. The record shows Van C. Argiris submitted to the arbitration, as is required by the bylaws of the Chicago Real Estate Board of which he is a member. Such agreements to submit to arbitration are binding. (*Van C. Argiris & Co. v. Pain/Wetzel & Associates, Inc.* (1978), 63 Ill. App. 3d 993, 996-97, 380 N.E.2d 825, *appeal denied* (1978), 71 Ill. 2d 622.) His name appears upon all the pleadings as well as on the decision of the committee and the final judgment order of the trial court. He filed motions to dismiss before the arbitration committee. He filed a motion to dismiss and a motion to vacate in the trial court. The committee determined defendant was a proper party and held

he was liable for the commissions. The report of the proceedings of the committee and the evidence before it disclose defendant personally withheld the commissions which he considered a loan to him from plaintiff. This evidence has not been refuted.

Defendant corporation has filed in the trial court an appeal bond in the amount of $15,000 in the usual form with corporate surety. Therefore the issue of personal liability of defendant Argiris is virtually academic. Thus we need not consider the plaintiff's contention that the bylaws of the Chicago Real Estate Board placed liability for payment of these commissions upon both defendants.

The judgment appealed from is affirmed.

McGLOON and O'CONNOR, JJ., concur.