VAN C. ARGIRIS & CO., Plaintiff-Appellant, *v.* RICHARD MAY, Defendant-Appellee.

First District (2nd Division)   No. 79-472

Opinion filed December 31, 1979.

James A. Stamos, of Chicago, for appellant.

Edward A. Berman, Ltd., and Lewis W. Schlifkin, both of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Van C. Argiris & Co. (hereinafter referred to as Argiris) appeals from an order of the circuit court of Cook County which dismissed its complaint to vacate an arbitration award. The same order confirmed the arbitration award and entered judgment thereupon.

The sole issue presented for review is whether the arbitration committee of the Chicago Real Estate Board (hereinafter referred to as the Board) had "jurisdiction"[1] over the controversy between Argiris and Richard May.

For reasons hereinafter set forth, we affirm the judgment of the circuit court of Cook County.

Richard May was employed by Argiris as a real estate broker until March 31, 1977, when he terminated his employment with Argiris. May subsequently became a member of the Board on May 23, 1977. On October 11, 1977, May filed a complaint with the Arbitration Committee of the Board alleging that Argiris had refused to remit to May certain commissions earned from the sale of real estate. On October 31, 1977, Argiris filed a motion to dismiss May's complaint. The motion alleged that the arbitration committee did not have jurisdiction over the controversy because (1) "at the time of and during the pendency of employment of Richard May and Van C. Argiris & Company, said May was not a member of the Chicago Real Estate Board"; (2) "there is no showing in

---

[1] The term "jurisdiction" is used throughout this opinion as it appears and is used in article VIIA, section 2(a) of the bylaws of the Chicago Real Estate Board.

the complaint of May that he is now a member of the Board"; and (3) "May is entitled to arbitration * * * only if [Argiris] agrees to submit said matter to arbitration, which it does not." In a letter dated November 9, 1977, the chairman of the arbitration committee informed Argiris that "pretrial motions" would not be considered by the arbitration committee, but that such motions would be considered at the commencement of the hearing.

The hearing was commenced on February 21, 1978, and the arbitration committee rendered its decision on May 12, 1978. In its decision the arbitration committee found that Argiris' motion to dismiss was "without merit" because both May and Argiris were members of the Board at the time the complaint was filed. The arbitration committee found that May was entitled to some but not all of the commissions which he had alleged in his complaint were due and owing to him from Argiris, and thereupon awarded May the commissions to which he was entitled.

On August 9, 1978, pursuant to section 12 of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 112), Argiris filed a complaint in the circuit court of Cook County to vacate the award of the arbitration committee. In its complaint Argiris alleged "[t]hat at the time said arbitration award was entered, the [Board] and the Arbitration Committee were without jurisdiction over the parties in this matter." On August 23, 1978, May filed an answer denying that the arbitration committee was without jurisdiction. May also filed a counterclaim pursuant to sections 11 and 14 of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, pars. 111 and 114) to confirm the arbitration award and obtain judgment thereupon.[2]

On November 8, 1978, May filed a motion for summary judgment on his counterclaim. On January 9, 1979, the trial court entered an order which granted May's motion for summary judgment on his counterclaim and dismissed Argiris' complaint to vacate the arbitration award. It is from this order which Argiris now appeals.

Section 1 of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 101) provides:

"A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract * * *."

Section 3 of article VIIA of the Board bylaws provides in part:

"The procedure provided for by this Article VII is hereby

---

[2] Section 11 provides for confirmation of an award and section 14 provides for judgment on an award.

expressly made subject to the Illinois Uniform Arbitration Act of 1961. This Article VII A does and shall at all times constitute a written agreement within the meaning of said Act by all Active Principal, Active Non-Principal, Associate Salesman and Associate members of the Board to submit to arbitration any controversy between them of a nature described in Section 2(a) of this Article. * * * Said agreement to submit to arbitration shall be binding on all Active Principal, Active Non-Principal, Associate Salesman and Associate members admitted on and after April 1, 1964 by virtue of their application for membership and the acceptance of such application by the Board. * * *"

Section 2(a) of article VIIA of the Board bylaws provides:

"The Arbitration Committee shall have jurisdiction over any controversy between members related to a commission claimed or charged by or paid to such members or to any other matters arising out of their business as brokers or agents. The Arbitration Committee or its members shall also have jurisdiction in the hearing of any controversy in accordance with Article 23 of the Code of Ethics of the National Association of Realtors. It shall have jurisdiction over no other subject matter or parties."

These sections of the Board bylaws constitute "an agreement to submit to arbitration any existing controversy" within the meaning of section 1 of the Illinois Uniform Arbitration Act. *Wrobel v. Argiris* (1979), 73 Ill. App. 3d 648, 649, 392 N.E.2d 681; *Van C. Argiris & Co. v. Pain/Wetzel & Associates, Inc.* (1978), 63 Ill. App. 3d 993, 996, 380 N.E.2d 825, *appeal denied* (1978), 71 Ill. 2d 622.

Argiris first contends that May's complaint for arbitration was "fatally defective for lack of jurisdiction" because it failed to allege that May was a member of the Board. Section 4(a) of article VIIA of the Board bylaws provides:

"All complaints shall be in writing and verified and shall set forth clearly the nature of the controversy. They shall be addressed and delivered to the Arbitration Committee at the offices of the Board. Sufficient copies shall be delivered so that the Committee shall have two copies and shall be able to deliver to each defendant one copy. * * *"

In addition, section 4(d) of article VIIA provides:

"The Arbitration Committee, in its discretion, may decline to take action with respect to any case when in the Arbitration Committee's judgment there is no merit on the face of the complaint. * * *"

Neither section 4(a), which governs complaints, nor any other section

requires an allegation in the complaint that the complainant is a member of the Board. Moreover, unlike section 4(d), there is no section which permits the arbitration committee "to decline to take action with respect to any case" because the complaint failed to allege the complainant's membership in the Board. We are aware of no precedent, nor has Argiris directed our attention to any precedent, which requires such an allegation. Perhaps the better complaint would allege the complainant's membership in the Board; however, in light of the foregoing, we cannot conclude that the absence of such an allegation rendered the complaint "fatally defective for lack of jurisdiction."

Moreover, we note that Argiris was in no way prejudiced by the absence, in May's complaint, of an allegation of May's membership in the Board. May's complaint was filed on October 11, 1977. On October 31, 1977, Argiris filed a motion to dismiss the complaint because, *inter alia*, it did not contain an allegation of May's membership in the Board. In a letter dated November 9, 1977, the chairman of the arbitration committee, in response to an inquiry received from Argiris, informed Argiris that May had become a member of the Board on May 23, 1977. In its decision, the arbitration committee denied Argiris' motion to dismiss finding the motion to be "without merit, as the Arbitration Committee * * * has jurisdiction over controversies between 'members.' " The arbitration committee further found that both May and Argiris were members of the Board at the time the complaint was filed. Thus we cannot conclude that Argiris was in any way prejudiced by May's failure to allege in his complaint that he was a member of the Board.

Argiris also appears to contend that the arbitration committee has jurisdiction over a controversy only if the parties to that controversy were members of the Board at the time of the act or transaction out of which the controversy arose, not merely members at the time of the filing of the complaint. Argiris argues that because May was not a member of the Board during his employment with Argiris, therefore any controversy which arose as a result of that employment is not within the jurisdiction of the arbitration committee. We cannot agree with such a contention. Section 2(a) of article VIIA of the Board bylaws provides that "[t]he Arbitration Committee shall have jurisdiction over *any* controversy between members * * *." (Emphasis added.) The language of section 2(a) does not restrict the arbitration committee's jurisdiction to only those controversies to which the parties were members of the Board at the time of the acts or transactions from which the controversies arose. Moreover, section 3 of article VIIA of the Board bylaws provides that "Article VII A does and shall at all times constitute a written agreement within the meaning of [the Illinois Uniform Arbitration] Act * * *." Section 1 of the

Illinois Uniform Arbitration Act provides that "[a] written agreement to submit *any existing* controversy to arbitration \* \* \* is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract." (Emphasis added.) We are aware of no precedent, nor has Argiris directed our attention to any precedent, which supports its contention. As such, we cannot conclude that the arbitration committee has jurisdiction, pursuant to article VIIA, section 2(a) of the Board bylaws, only if the parties to that controversy were members at the time of the act or transaction from which the controversy arose.

Finally, Argiris contends that the arbitration committee was without jurisdiction because Argiris did not agree, in writing, to submit the controversy to arbitration. In support of its contention Argiris relies upon section 24(4) of the code of ethics and arbitration of the National Association of Realtors which provides:

> "Realtors and Realtor-Associates affiliated with the same firm shall have the right to invoke the arbitration facilities of the Board, provided each party voluntarily agrees to the arbitration in writing and the Board finds the matter properly subject to arbitration, in accordance with the provisions of Section 25 of this Manual. This privilege as stated shall apply to disputes arising when the parties are or were affiliated with the same firm, irrespective of the time request is made for such arbitration."

Section 3 of article VIIA of the Board bylaws provides that "[t]his Article VII A does and shall at all times constitute a written agreement within the meaning of [the Illinois Uniform Arbitration] Act by *all* Active Principal, Active Non-Principal, Associate Salesman and Associate members of the Board to submit to arbitration any controversy between them of a nature described in Section 2(a) of this Article." (Emphasis added.) Section 3 further provides that "[s]aid agreement to submit to arbitration shall be binding on all Active Principal, Active Non-Principal, Associate Salesman and Associate members admitted on and after April 1, 1964 by virtue of their application for membership and the acceptance of such application by the Board."[3] This court has recently held:

> "Sections 3 and 2(a) of article VII-A of the bylaws covers controversies between members, even if these members happen to be associated with the same firm. These arbitration sections of the bylaws are binding in the State of Illinois under the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 101). A matter in dispute between an employer broker and his employee

---

[3] "The aforesaid agreement to submit to arbitration shall be binding on all Active Principal, Active Non-Principal, Associate Salesman and Associate members of the Board prior to April 1, 1964 by virtue of their maintenance of membership in the Board on and after said date."

broker, therefore, is subject to arbitration." *Van C. Argiris & Co. v. Pain/Wetzel & Associates, Inc.* (1978), 63 Ill. App. 3d 993, 996-97.

Based upon the foregoing, we affirm the judgment of the circuit court of Cook County.

Affirmed.

DOWNING and HARTMAN, JJ., concur.