Docket No. 104002.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

*In re* MARRIAGE OF STEVEN RICHARD DEVORE BEST, Appellant, and ANGELA K. FARLOW BEST, Appellee.

*Opinion filed March 20, 2008.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

In this opinion, we first consider whether the appellate court erred by *sua sponte* reversing the trial court's declaratory judgment order addressing the validity and effect of a premarital agreement because the second prong of the declaratory judgment statute (735 ILCS 5/2–701(a) (West 2004)), requiring the termination of some part of the parties' controversy, was not met. We hold that the second prong of the statute was met even though a final dissolution order had not been entered and, therefore, reverse in part the appellate court judgment. Next, because the appellate court's ruling precluded its review of the trial court's construction of the premarital agreement provision waiving the parties' rights to attorney fees, we remand that issue to the appellate court. Finally, we examine the appellate court's

conclusion that the spousal support and insurance coverage waivers in the premarital agreement apply only if the parties are legally separated, affirming that interpretation.

## I. FACTS

Before their marriage in 2002, Steven and Angela Best entered into a premarital agreement covering a wide variety of financial and property issues, including the parties' rights to attorney fees, insurance coverage, and spousal support. They had a son in 2003, and in 2004, Steven filed for dissolution of the marriage in Lake County circuit court. He later filed a motion for declaratory judgment, seeking a ruling on the validity and construction of the couple's premarital agreement. After Steven filed an amended declaratory judgment motion, an evidentiary hearing was held, and the Lake County circuit court ruled the agreement valid and enforceable. The court also determined that section 19 of the agreement, waiving the parties' rights to attorney fees, did not apply to custody-related matters. Pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)), the declaratory judgment order stated that it "is final and appealable and there is no just reason for delaying either enforcement or appeal."

Angela then filed an emergency petition in the dissolution proceeding, requesting reinstatement as an insured on Steven's health insurance policy, at his expense. Steven responded with a motion to strike and dismiss, arguing that the valid premarital agreement waived all rights to support and insurance. The trial court disagreed and ordered Steven to reinstate Angela's health insurance "until she qualifies for her employer provided policy or completion of this matter." The order also required Angela to "make every effort to obtain medical coverage from an employer."

Steven filed a motion to vacate the insurance order, arguing that it violated section 8 of the premarital agreement, waiving all spousal support "[i]n the event the parties separate or the marriage is dissolved." The trial court rejected Steven's argument, interpreting the waiver to apply only if the parties were *legally* separated. Steven appealed separately from the orders allowing attorney fee awards and refusing to vacate the prior order reinstating Angela's health

insurances coverage. While the underlying dissolution proceeding was still pending, the appeals were consolidated.

The appellate court reversed the declaratory judgment order *sua sponte* because it believed that the requirements of the declaratory judgment statute had not been met. The court found that the declaratory judgment was improperly entered before entry of a final dissolution order and failed to satisfy the "termination-of-controversy" requirement in the declaratory judgment statute (735 ILCS 5/2–701(a) (West 2004)). 369 Ill. App. 3d 254, 258, 262. Based on this holding, the appellate court did not reach the substantive issue of whether the declaratory judgment properly allowed the parties to seek attorney fees for custody-related matters.

In Steven's appeal from the denial of his motion to vacate the order reinstating Angela's health insurance coverage, the court held the insurance order was appealable under Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)) as an order refusing to dissolve an injunction. 369 Ill. App. 3d at 263. On the merits of the appeal, the court found an ambiguity in section 8 of the agreement, barring spousal support "[i]n the event the parties separate or the marriage is dissolved." The court noted the word "separate" could reasonably be construed to require either a legal separation or simply the parties' decision to live apart. 369 Ill. App. 3d at 267.

To resolve the ambiguity, the appellate court relied primarily on the rule of construction disfavoring any interpretation of a premarital agreement that denies marital rights in the absence of a "clearly apparent" intent. The court also noted that another rule of construction placed the risk of an unresolved ambiguity on Steven, as the drafter of the agreement. Applying those rules, the court determined that the term "separate[d]" required the parties to be legally separated before spousal support was waived. 369 Ill. App. 3d at 270. Accordingly, the court affirmed the trial court's order requiring Steven to reinstate Angela on his health insurance policy.

We allowed Steven's petition for leave to appeal (210 Ill. 2d R. 315). We also allowed the Illinois Chapter of the American Academy of Matrimonial Lawyers to file a brief as *amicus curiae* in support of Steven, addressing the propriety of the appellate court's bar on declaratory judgment orders before the entry of final dissolution

-3-

orders. 210 Ill. 2d R. 345. Angela did not file an appeal, a cross-appeal, or a responsive brief in this cause.

## II. ANALYSIS

In this case, we are asked to address three main issues, whether: (1) the appellate court erroneously held that the second prong of the declaratory judgment statute, requiring that the order terminate at least some part of the controversy, was not met and, thus, entry of the order was improper; (2) the trial court improperly interpreted section 19 of the parties' premarital agreement to allow attorney fee awards for custody-related issues; and (3) the appellate court erroneously upheld the injunctive order requiring Steven to reinstate Angela on his health insurance policy, contrary to section 8 of the parties' agreement.

### A. Appeal of the Declaratory Judgment
#### 1. The Appellate Court Decision

Steven first argues that the appellate court erred by concluding that the entry of a declaratory judgment addressing the validity of the parties' premarital agreement was improper before entry of a final dissolution order. To address the propriety of the appellate court's conclusion, we first examine the basis of that opinion.

After carefully considering that portion of the opinion in its entirety, we believe the court's core analysis was that:

> (1) it had appellate jurisdiction;
>
> (2) the declaratory judgment request raised a claim separate from claims for nondeclaratory relief relating to the same right (369 Ill. App. 3d at 259), making it appealable under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) (369 Ill. App. 3d at 257);
>
> (3) entry of declaratory judgment is improper if the order fails to satisfy the statutory requirements (369 Ill. App. 3d at 262);
>
> (4) the termination-of-controversy requirement in the statute was not satisfied here because, in the absence of an order in the dissolution proceeding, the declaratory judgment did not

resolve any actual claim for fees and support (369 Ill. App. 3d at 262); and

(5) the improper entry of the declaratory judgment could not be overcome by the inclusion of the Rule 304(a) language that otherwise would have permitted interlocutory review of the trial court's interpretation of the premarital agreement (see 369 Ill. App. 3d at 258-59).

We discuss the propriety of these conclusions as necessary to review the issue raised on appeal.

### 2. Supreme Court Rule 304(a) and *Leopando*

In discussing the suitability of appealing the declaratory judgment under Rule 304(a), the appellate court examined whether the declaratory judgment request raised a claim separate from the pending dissolution claim. The court held that here it did despite the contrary result reached in *In re Marriage of Leopando*, 96 Ill. 2d 114, 119 (1983). See 369 Ill. App. 3d at 259. We agree that this case is appealable under Rule 304(a) and distinguish *Leopando*.

In *Leopando*, the trial court entered an order dissolving the parties' marriage, followed by a separate order awarding permanent custody of the couple's child to the father. The only statute at issue was the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1977, ch. 40, par. 101 now 750 ILCS 5/101 *et seq.* (West 2006)). The custody order included a finding of "no just reason to delay enforcement or appeal" under Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)). The custody order also expressly reserved the issues of maintenance, property division, and attorney fees. Affirming the appellate court's reversal of the custody order as not appealable under Rule 304(a), this court explained that custody is not a separate *claim* in a dissolution case but rather a separate *issue*, ancillary to the single claim presented in the dissolution proceeding. *Leopando*, 96 Ill. 2d at 119.

The facts in this case are quite different. In relevant part, the declaratory judgment order here determined only the validity of the parties' premarital agreement and the construction of section 19, the provision waiving attorney fees, matters implicating both the declaratory judgment statute (735 ILCS 5/2–701 (West 2004)) and

the Illinois Uniform Premarital Agreement Act (750 ILCS 10/4 (West 2004)). Consistent with the scope of the declaratory judgment statute, the order did not make any actual awards in the pending dissolution case, unlike the order in *Leopando*. Indeed, in *Leopando*, the challenged order actually awarded permanent custody to the father. In addition, *Leopando* did not involve a premarital agreement or request for relief outside that provided by the Marriage Act.

Furthermore, the only true "claim" at issue in the dissolution proceeding in *Leopando* was "a request for an order dissolving the parties' marriage" under the Marriage Act. *Leopando*, 96 Ill. 2d at 119. Thus, the custody order entered by the trial court was not appealable under Rule 304(a) because it merely resolved one issue unaddressed by the initial dissolution order. As we explained, "[t]he numerous other issues involved, such as custody, property disposition, and support are merely questions which are *ancillary* to the cause of action" seeking dissolution of the parties' marriage. (Emphasis in original.) *Leopando*, 96 Ill. 2d at 119. To demonstrate the inherent interrelatedness of those other issues to the only claim pending before the court, namely the parties's dissolution, we noted that no relief was available on any issue if the trial court declined to grant the dissolution petition. *Leopando*, 96 Ill. 2d at 119.

In contrast, here Steven sought nondeclaratory relief under the Marriage Act, as well as declaratory relief under the declaratory judgment statute (735 ILCS 5/2–701 (West 2004)). His request for nondeclaratory relief sought dissolution of the parties' marriage. His declaratory judgment request asked the court to address the validity and construction of the parties' premarital agreement. Contrary to *Leopando*, the two requests for relief here had distinctly different statutory bases. Moreover, if the statutory requirements were met, Steven's declaratory judgment could be entered even if the dissolution petition were not granted. In addition, unlike *Leopando*, the challenged order did not actually make any award to either party. When, and if, the trial court awards attorney fees in the pending dissolution proceeding, then the appealability of that award under Rule 304(a) may present an issue similar to the one raised in *Leopando*. We need not decide that question now, however, because no attorney fee award was, or could have been, entered in the declaratory judgment. See 735 ILCS 5/2–701(c) (West 2004)

(requiring a "petition to any court having jurisdiction" "[i]f further relief based upon a declaration of right becomes necessary or proper after the declaration has been made"). Under the facts and circumstances in this case, the request for dissolution of the parties' marriage and the request for declaratory judgment on the validity and interpretation of the premarital agreement are not so closely related that they must be deemed part of a single claim for relief, as they were in *Leopando*. Thus, *Leopando* is distinguishable.

### 3. The Termination-of-Controversy Requirement

We now reach the issues raised by Steven in this case. He suggests that the appellate court erred by holding that the termination-of-controversy requirement of the declaratory judgment statute (735 ILCS 5/2–701(a) (West 2004)) was not met. Thus, we examine the declaratory judgment statute to determine whether that requirement was satisfied. Construction of a statute presents a question of law to be reviewed *de novo*. *Fisher v. Waldrop*, 221 Ill. 2d 102, 112 (2006).

In construing a statute, our primary goal is to effectuate the intent of the legislature. To determine that intent, we first look to the plain language of the statute. *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill. 2d 429, 441-42 (1992). If that language is clear and unambiguous, we must apply it without resort to other aids of construction. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007). Here, the statutory language is clear.

Section 2–701(a) of the declaratory judgment statute states:

> "No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court may, *in cases of actual controversy*, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination *** of the construction of any *** contract or other written instrument, and a declaration of the rights of the parties interested." (Emphasis added.) 735 ILCS 5/2–701(a) (West 2004).

Nonetheless, entry of a declaratory judgment is improper if it "would not terminate the controversy *or some part thereof*, giving rise to the

proceeding." (Emphasis added.) 735 ILCS 5/2–701(a) (West 2004). We note that section 105(a) of the Marriage Act (750 ILCS 5/105(a) (West 2004)) incorporates our Civil Practice Law (735 ILCS 5/2–101 *et seq.* (West 2004)). Thus, the legislature expressly provided for the entry of declaratory judgments in dissolution cases.

Applying these statutory provisions, a declaratory judgment of the parties' rights under the premarital agreement is proper if: (1) there is an actual controversy; and (2) entry of a declaratory judgment would terminate "some part" of that controversy (735 ILCS 5/2–701(a) (West 2004)). It is undisputed that an actual controversy exists, thus satisfying the first criterion. Thus, our review is limited to the second statutory criterion: whether the declaratory judgment would end "some part" of the parties' controversy (735 ILCS 5/2–701(a) (West 2004)).

Steven sought to obtain a declaratory ruling on the validity, scope, and application of the premarital agreement's provisions. Undoubtedly, the degree of control the agreement ultimately exerts over the parties' rights in the underlying dissolution proceeding depends on the validity and final construction of its provisions. That construction will determine whether the agreement controls various facets of the parties' rights in the pending dissolution proceeding. Construing the agreement will indeed terminate a significant part of the parties' controversy. No question of whether the agreement's provisions provide the controlling authority over the parties' dissolution rights will remain. Thus, we conclude that the second statutory criteria for entry of a declaratory judgment is met.

Our conclusion is consistent with section 4 of the Illinois Uniform Premarital Agreement Act (Act) (750 ILCS 10/4 (West 2004)). Section 4 allows the parties to a premarital agreement to contract on: (1) their property rights and obligations; (2) their rights to take specific property actions; (3) the disposition of their property; (4) the elimination or modification of spousal support; (5) the making of agreements or arrangements intended to carry out the premarital agreement; (6) their life insurance benefits; (7) the law to be applied in construing the premarital agreement; and (8) any other matter not violating a criminal statute or public policy. 750 ILCS 10/4(a) (West 2004).

Section 4 effectively permits parties to waive or modify their marital rights by entering into a valid premarital agreement. By entering into a premarital agreement under section four, the parties in this case agreed that their enumerated rights at dissolution are no longer governed by statute to the extent that they are validly modified or waived in their agreement. Allowing the declaratory judgment before the final dissolution order undoubtedly upheld the parties' rights under the Act to enter into a binding contract before marriage to control the outcome of many issues that could arise during their dissolution.

Both Steven and the *amicus* offer the additional policy argument that the appellate court's ruling effectively bars the entry of declaratory judgment before trial and issuance of an order in the dissolution proceeding. They contend that this bar conflicts with common practice in cases involving premarital agreements and that it unnecessarily diminishes the efficiency of dissolution proceedings.

While common practice is not determinative of the proper construction of a statute, our holding does comport with our trial courts' common practice of issuing declaratory judgments before entering an order in an underlying proceeding. See *In re Marriage of Byrne*, 179 Ill. App. 3d 944 (1989); *Genung v. Hagemann*, 103 Ill. App. 2d 409 (1968); *Trossman v. Trossman*, 24 Ill. App. 2d 521 (1960) (premarital cases). See also *In re Marriage of Richardson*, 237 Ill. App. 3d 1067 (1992); *Stern v. Stern*, 105 Ill. App. 3d 805 (1982); *Stenson v. Stenson*, 45 Ill. App. 3d 249 (1977) (postnuptial cases); M. Kirsh, *When Is a Declaratory Judgment Not a Declaratory Judgment?*, 50 Illinois State Bar Association Family Law Newsletter 4-6 (January 2007) (noting the conflict created by *Best* with the Chicago area's "common practice for one party to file a Petition for Declaratory Judgment and have the court rule that the antenuptial agreement is a valid and enforceable agreement and make no other rulings"). We hold that a reviewing court may consider the validity and effect of a declaratory judgment order in a dissolution proceeding, even if it is entered before the final dissolution order, if the prerequisites of the declaratory judgment statute are met.

Here, Steven's declaratory judgment request falls within the plain language of the declaratory judgment statute. The appellate court erred by refusing to review the merits of his claim that the trial court

improperly construed the attorney fee waiver provision, section 19, of the premarital agreement. Thus, we reverse the portion of the appellate court judgment finding the declaratory judgment order not subject to review on appeal.

## B. Attorney Fees

Having decided that the substantive contentions in Steven's declaratory judgment request are reviewable, we remand the initial review of the proper interpretation of the attorney fee provision in the parties' premarital agreement to that court.

## C. Insurance Coverage

Steven also claims the appellate court erred as a matter of law by interpreting sections eight and ten of the agreement as waiving spousal support and insurance coverage only if the parties were divorced or *legally* separated. He contends the appellate court's interpretation is inconsistent with the intentions expressed in the agreement and improperly adds words to the agreement. In addition, Steven maintains that the appellate court's ruling undermines the parties' freedom of contract and inappropriately reads the terms of the agreement to disfavor Steven, the alleged drafter, when both parties were involved in the drafting process.

The waivers of spousal support in section eight and insurance coverage in sections ten expressly apply only "[i]n the event the parties separate or the marriage" is dissolved. The appellate court found the requirement that the parties "separate" to be ambiguous as used in those two sections because the need for a *legal* separation was unclear. To resolve the ambiguity, the court reviewed the extrinsic evidence but found it to be inconclusive. Thus, the court primarily relied on the rule of construction that a premarital agreement should not be read to eliminate marital rights unless that intention is "clearly apparent." 369 Ill. App. 3d at 266-67, 270. Applying that rule, the court construed the word "separate" narrowly to require the parties' legal separation before barring spousal support and insurance coverage. The court also noted that the same result was reached under the rule of *contra proferentem*, where the drafter of the agreement bears the risk of any ambiguity, because the extrinsic evidence showed

that Steven's counsel had drafted the agreement. 369 Ill. App. 3d at 266, 270.

While we agree that the agreement is ambiguous on whether the word "separate" requires the parties to be *legally* or merely physically separated, we believe this ambiguity may be resolved simply by reading the agreement in its entirety, making it unnecessary to look to other rules of construction as a last resort. See *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007). After reviewing the remainder of the agreement, we note that section five refers to the parties' "separation" in its general statement of the parties' intentions. Thus, we look to the language in section five for additional evidence of those intentions.

In relevant part, section five reflects each parties' awareness of the practical, financial, and emotional considerations present "in the unfortunate event of a *legal proceeding concerning the parties' separation* or dissolution." (Emphasis added.) The requirement of a "legal proceeding" qualifies the entire phrase "separation or dissolution," making it applicable in both instances. By restricting the type of "separation" covered in the agreement to one addressed in a "legal proceeding," the parties have demonstrated their intent to place a narrow construction on the word "separation." Unquestionably, a dissolution is a legal proceeding, lending additional weight to this construction. In the absence of any contrary intention shown by language used in sections eight and ten, we deem the parties' statement of general intention to be controlling, providing the best evidence of their intended meaning of the word "separate." Thus, we hold that the appellate court properly affirmed the trial court's determination that the word "separate," as used in sections eight and ten, requires the parties to be legally separated before the support and insurance waivers apply.

### III. CONCLUSION

For the reasons stated, we reverse the appellate court judgment in part, holding that the court erred by refusing to review the validity and effect of the declaratory judgment order entered before the final order in the dissolution proceeding. The court incorrectly concluded that the "termination-of-controversy" requirement of the declaratory judgment

statute had not been met, making the order unappealable under Supreme Court Rule 304(a). We remand the issue of the proper construction of the attorney fee provision in section 19 of the premarital agreement to the appellate court for its initial review. Finally, we affirm the portion of the appellate judgment holding that the support and insurance waivers in the agreement are applicable only if the parties are legally separated.

*Appellate court judgment affirmed in part*
*and reversed in part;*
*cause remanded.*