# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2017, 5:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Angela L. Freel | Matthew J. McGovern |
| Jackson Kelly PLLC | Anderson, Indiana |
| Evansville, Indiana | |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Marriage of: | February 28, 2017 |
| Jeffrey E. Nelson, | Court of Appeals Case No. 82A01-1607-DR-1706[1] |
| *Appellant-Respondent,* | |
| v. | Appeal from the Vanderburgh Superior Court |
| Julie A. Nelson, | The Honorable Leslie C. Shively, Judge |
| *Appellee-Petitioner.* | Trial Court Cause No. 82D01-1601-DR-32 |

**Kirsch, Judge.**

---

[1] We note that the trial court cause number on the Declaratory Judgment Order, from which Jeffrey E. Nelson appeals, is 82D05-1601-DR-32. We, like the parties, will use the 82D01-1601-DR-32 cause number found in the CCS and the transcript.

After Julie A. Nelson ("Wife") filed a petition for dissolution of her marriage to Jeffrey E. Nelson ("Husband"), she filed a Petition for Declaratory Judgment, asking the trial court to interpret the parties' prenuptial agreement ("the Agreement") on several specified issues. Husband appeals the trial court's Declaratory Judgment Order ("Order") and raises the following two restated issues:

I. Whether the trial court erred when it determined that the Agreement's definition of separate property did not include income produced from separate property or proceeds received from the sale of separate property; and

II. Whether the trial court erred in its determinations with regard to "gifts" as that term is used in the Agreement.

We affirm.

## Facts and Procedural History

On April 28, 2012, the parties married in Illinois. The day before their marriage, the parties executed the Agreement, which, among other things, defined and delineated the parties' separate property and marital property as follows:

3. **Assets and Liabilities as Separate Property.** Each of the parties agree that all property, whether real or personal, belonging to the other party at the commencement of their marriage, and as outlined in Schedules A and B attached hereto, including, if applicable, any assets acquired by each of them in their separate names while living together outside the marital relationship or attributable to any appreciation in value of such property, whether such enhancement is due to market

conditions or to the services, skills or efforts of either of the parties and all property hereafter acquired by the other party by either bequest, devise, gift or inheritance, and all property acquired in exchange for separate property, shall remain the separate property of the other party during their lifetime and after their death and in the event of a divorce, annulment, separation or dissolution subject to agreements herein contained, excluding any property acquired by either bequest, devise, gift or inheritance or otherwise addressed hereto.

Excluding any property, real or personal, acquired by either bequest, devise, gift or inheritance or otherwise addressed heretofore, the parties further agree that any property, assets, proceeds, jointly held accounts, furniture, furnishings shall be considered to be marital property. Marital property shall also include any property acquired before the marriage which is given to the spouse by retitling in the other spouse's name or in the joint name of the parties with the right of survivorship during the period of marriage. Upon the divorce, annulment, separation or dissolution, then the property obtained during the course of marriage shall be divided equally between the parties, even in the event the property, proceeds, or assets acquired after the date of marriage are titled in only one parties' name so long as the above described marital funds, assets, proceeds or income are utilized for the acquisition of the property.

*Appellant's App.* at 56. The parties attached to the Agreement Schedule A and Schedule B, which outlined Husband's property and debts and Wife's property and debts, respectively.

[4] The Agreement also provided that it is to be construed under Illinois law:

11. **Construction.** The terms and provisions of this Agreement shall be construed and interpreted in accordance with the law of the jurisdiction of the State of Illinois in such case made and provided, whether or not

the parties continue to reside in the State of Illinois subsequent to their marriage.

. . . .

25.  **Illinois Law To Be Applied**.  In the event that at any time during the existence of the marital relation between the parties, they should be or become residents of a state under the laws of which Husband and Wife acquire property interests commonly known as community property or any other property and interests different from the property interests of Husband and Wife under the laws of the State of Illinois, their property interests shall nevertheless remain the same as they would have been under the terms of the of this Agreement construed in accordance with the laws of the State of Illinois. . . .

*Appellant's App.* at 58, 60.

The Agreement, at Section 8, titled **Full Knowledge**, provided, in part:

The rights of the respective parties in each other's property or estate shall be determined, fixed and settled by this Agreement and not otherwise.

*Id*.  The next section, Section 9, titled **Mutual Release**, stated that the parties intended the Agreement to be a mutual release of all right, title, and interest "there may be now or will hereafter be" by virtue of the marriage in and to all the property of the other.  *Id*.  Section 9 concluded with the following language:

It is their intention mutually to release and waive all benefits of the laws of Illinois or any other state relating to the Husband and Wife as set forth above.

*Id*.

On January 8, 2016, Wife filed her petition for dissolution in Indiana. Issues arose between the parties concerning the interpretation and enforceability of the Agreement, and, at the trial court's request, Wife and Husband each filed, on April 29, 2016, a memorandum of law providing the trial court with, among other things, each party's respective interpretation of the Agreement. On June 2, 2016, Wife filed her Petition for Declaratory Judgment ("Petition").

In her Petition, Wife set forth specific questions regarding the interpretation of the Agreement, asking the trial court to construe whether certain property constituted separate property or marital property. Specifically, as is relevant to this appeal, Wife asked the trial court (1) whether income produced from separate property and proceeds from the sale of separate property was separate property, as Husband claimed, or was marital property, as Wife claimed; and (2) whether assets acquired by "gift" constituted separate property only if the gift was made to the spouse by a third party at death, as Husband claimed. *Id*. at 65-66.

On June 17, 2016, the trial court held a hearing on Wife's Petition, among other pending matters. The trial court received argument from counsel; the parties did not present evidence.[2] On June 27, 2016, the trial court granted

---

[2] At the hearing, the parties identified some areas of common ground, agreeing and stipulating that (1) all property, whether real or personal, owned by each party at the time of the marriage is separate property, regardless of whether the property was listed on a schedule attached to the Agreement, (2) funds placed in a joint account of the parties are marital funds subject to division, (3) assets acquired during the marriage from

Wife's Petition and entered the Order, which declared, in part, that the Agreement's definition of separate property "does not include the income produced from separate property or proceeds received from the sale of separate property." *Appellant's App.* at 16. The Order also determined that the Agreement did not preclude spousal gifts during the marriage and that the Agreement "defines property acquired by gift, whether during or before the marriage, as separate property." *Id.* at 15. Husband now appeals.[3]

# Discussion and Decision

[9] We are asked to determine whether the trial court erred by granting declaratory relief to Wife based upon its interpretation of the Agreement.[4] Pursuant to the Uniform Declaratory Judgment Act, declaratory orders, judgments, and decrees have the force and effect of final judgments and are reviewed as any other order, judgment, or decree. Ind. Code § 34-14-1-1; *Schmidt v. Schmidt*, 812 N.E.2d 1074, 1079 (Ind. Ct. App. 2004).

[10] Here, Husband asserts that the trial court erred by failing to properly interpret the Agreement. Prenuptial agreements are contracts, and the rules governing contracts apply to their interpretation. *In re Marriage of Best*, 387 Ill. App. 3d

---

any joint account of the parties are marital assets subject to division, and (4) the real estate owned jointly and located on Oak Trace Terrace and on Hillsdale Road in Evansville, Indiana, is marital property subject to division between the parties. The trial court included these stipulations in its Declaratory Judgment Order, *Appellant's App.* at 15-17, and those portions of the trial court's Order are not at issue in this appeal.

[3] We note that after Husband filed his Notice of Appeal with this court, Wife filed a Motion to Dismiss Husband's appeal, which was denied.

[4] Husband does not challenge the Indiana trial court's authority to issue the declaratory judgment.

948, 949, 327 Ill. Dec. 234, 235-36, 901 N.E.2d 967, 968-69 (2009), *appeal denied*; *In re Marriage of Drag*, 326 Ill. App. 3d 1051, 1055, 261 Ill. Dec. 184, 188, 762 N.E.2d 1111, 1115 (2002).[5]  A court's primary goal in the construction of a contract is to decide and give effect to the intent of the parties as it is expressed through the words of the contract. *In re Marriage of Rosenbaum-Golden*, 381 Ill. App. 3d 65, 72, 319 Ill. Dec. 27, 35, 884 N.E.2d 1272, 1280 (2008), *appeal denied*.  In determining the parties' intent, courts must view the contract as a whole and not focus on isolated terms or provisions.  *In re Marriage of Chez*, 2013 IL App (1st) 120550, ¶ 16, 377 Ill. Dec. 337, 341, 1 N.E.3d 1224, 1228, *appeal denied*.  If the language of the contract is clear and unambiguous, the intent of the parties is ascertained solely from the words of the contract, given their plain and ordinary meanings.  *Id*.  Contract construction presents a question of law, which we review *de novo*.  *In re Marriage of Heinrich*, 2014 IL App (2d) 121333, ¶ 40, 30 Ill. Dec. 26, 39, 7 N.E.3d 889, 902.  *De novo* consideration means we perform the same analysis that a trial judge would perform.  *In re Marriage of Enders*, 2015 IL App (1st) 142435, ¶ 85, 400 Ill. Dec. 837, 846, 48 N.E.3d 1277, 1286.

[11]  In this case, the parties disagree as to what is and is not defined as separate property under the Agreement, and they also disagree as to the trial court's determinations with regard to gifts, including those made from one spouse to

---

[5] The parties agree that Illinois law controls the substantive issues.  *Appellant's Br*. at 5; *Appellee's Br*. at 17.

the other. Specifically, Husband argues on appeal that the trial court erred: (1) when it determined that the Agreement's definition of separate property did not include income from separate property and proceeds from the sale of separate property; and (2) when it determined that property acquired by gift, whether before or during the marriage, was separate property.[6] We address each contention in turn.

## I. Income and Proceeds from Separate Property

With regard to the Agreement's treatment of income produced by and proceeds from sale of separate property, the trial court's Order determined:

6. The Court finds the definition of separate property under the Prenuptial Agreement does not include the income produced from separate property or proceeds received from the sale of separate property. Therefore, any asset purchased during the marriage from income or proceeds of separate property becomes marital property subject to an equal division between the parties.

*Appellant's App*. at 16. Husband asserts that the trial court's interpretation was contrary to the Agreement and Illinois law.

The Agreement at Section 3 ("Section 3") defined separate property and marital property as follows:

---

[6] The trial court's Order also determined that the Agreement does not limit the term gift to mean only property that is acquired during the marriage from a third party at death and does not preclude gifts from one spouse to the other during the marriage; Husband does not challenge those determinations on appeal.

3.  **Assets and Liabilities as Separate Property.**  Each of the parties agree that all property, whether real or personal, belonging to the other party at the commencement of their marriage, and as outlined in Schedules A and B attached hereto, including, if applicable, any assets acquired by each of them in their separate names while living together outside the marital relationship or attributable to any appreciation in value of such property, whether such enhancement is due to market conditions or to the services, skills or efforts of either of the parties and all property hereafter acquired by the other party by either bequest, devise, gift or inheritance, and all property acquired in exchange for separate property, shall remain the separate property of the other party during their lifetime and after their death and in the event of a divorce, annulment, separation or dissolution subject to agreements herein contained, excluding any property acquired by either bequest, devise, gift or inheritance or otherwise addressed hereto.

Excluding any property, real or personal, acquired by either bequest, devise, gift or inheritance or otherwise addressed heretofore, the parties further agree that any property, assets, proceeds, jointly held accounts, furniture, furnishings shall be considered to be marital property. Marital property shall also include any property acquired before the marriage which is given to the spouse by retitling in the other spouse's name or in the joint name of the parties with the right of survivorship during the period of marriage.  Upon the divorce, annulment, separation or dissolution, then the property obtained during the course of marriage shall be divided equally between the parties, even in the event the property, proceeds, or assets acquired after the date of marriage are titled in only one parties' name so long as the above described marital funds, assets, proceeds or income are utilized for the acquisition of the property

*Appellant's App*. at 56.  Husband suggests, and we agree, that "[i]n reviewing this section of the Prenuptial Agreement, generally . . . the first paragraph addresses what property is to be identified as the separate property of the parties and the

second paragraph then goes on to address what property is to be identified as the marital property of the parties." *Reply Br*. at 8-9.

[15] A reading of the first paragraph of Section 3 indicates three categories of separate property: (1) all property belonging to an individual spouse at the commencement of the marriage and that is outlined in Schedules A and B to the Agreement, including any appreciation in value of such property (whether such enhancement is due to market conditions or efforts of either of the parties); (2) all property acquired by the party by bequest, devise, gift or inheritance; and (3) all property acquired in exchange for separate property. The terms "income" and "proceeds" are not used in Section 3, nor in Husband's Schedule A, which outlines the assets that are to be deemed his separate property. Because income and proceeds from separate property were not mentioned in the first paragraph of Section 3, which defines separate property, the trial court did not err when it found that "the definition of separate property under the Prenuptial Agreement does not include the income produced from separate property or proceeds received from the sale of separate property." *Id*. at 16.

[16] The next paragraph of Section 3, identifying what constitutes marital property, initially states that marital property excludes "any property, . . . acquired by either bequest, devise, gift or inheritance or otherwise addressed heretofore." *Id*. at 56. It continues that marital property includes "property, assets, *proceeds*, jointly held accounts, furniture [and] furnishings." *Id*. (emphasis added). *Id*. Because income and proceeds from separate property were not "addressed heretofore" in the first paragraph of Section 3, which defines separate property,

those assets fall within the scope of what constitutes marital property, and the trial court did not err when it determined that "any asset purchased during the marriage from income or proceeds of separate property becomes marital property subject to an equal division between the parties." *Id*. at 16.

[17] Husband argues that the trial court's position "is directly contrary to Illinois law." *Appellant's Br*. at 8. He observes that under the Illinois Uniform Premarital Agreement Act ("the Premarital Agreement Act"), couples may contract with respect to, among other things, the rights and obligations of each of the parties in any of the property of the other and with respect to the disposition of property upon marital dissolution, and, he argues, the Premarital Agreement Act states that "property," "[a]s used in this Article," means "an interest, present or future, legal or equitable, vested or contingent, in real or personal property, including income and earnings." *Id*. at 10 (quoting 750 Ill. Comp. Stat. 10/2(2) (1990)). Husband also refers us to the definitions of "marital property" and "non-marital property" found in the Illinois Marriage and Dissolution of Marriage Act ("Dissolution of Marriage Act"), noting that, under those definitions, income "that is derived from property excluded by a valid prenuptial agreement is, by statute, non-marital," as is "income that has been generated from property that was acquired prior to marriage." *Id*. at 10-11 (citing 750 Ill. Comp. Stat. 5/503). Husband's position is that "[u]nder Illinois

statutory provisions and case law [],[7] any income, earnings and/or proceeds from these separate property items would also be the separate, i.e. "non-marital," property of each respective spouse." *Id*. at 12. Wife responds that the parties elected not to use the statutory definitions and instead defined separate property and marital property in their Agreement.[8] *Appellee's Br*. at 11. We agree with Wife.

[18] Section 4 of the Premarital Agreement Act "allows the parties to a premarital agreement to contract on: (1) their property rights and obligations; (2) their rights to take specific property actions; (3) the disposition of their property; (4) the elimination or modification of spousal support; (5) the making of agreements or arrangements intended to carry out the premarital agreement; (6) their life insurance benefits; (7) the law to be applied in construing the premarital agreement; and (8) any other matter not violating a criminal statute or public policy." *In re Marriage of Best*, 228 Ill. 2d 107, 117, 319 Ill. Dec. 815, 820-21, 886 N.E.2d 939, 944-45 (2008) (citing 750 Ill. Comp. Stat. 10/4(a) (2004)). As the Illinois Supreme Court recognized in *Best*, "Section 4 effectively

---

[7] In support of his argument, Husband also cites to Illinois case law, including a case in which, upon dissolution of marriage, rental income generated from non-marital business property and the proceeds from the sale of the property retained its status as husband's non-marital property. *Appellant's Br*. at 11 (citing to and quoting from *In re Marriage of Booth*, 627 N.E.2d 1142, 1145 (Ill. App. Ct. 1993)). As Wife observes, the parties in the cases to which Husband cites did not execute a prenuptial agreement.

[8] Wife also asserts that Husband's statutory argument applies only to *income*, not proceeds, and, thus, his argument as to *proceeds* is waived. *Appellee's Br*. at 21. Because we resolve the matter based on the plain language of the Agreement, we do not reach this aspect of Wife's argument.

permits parties to waive or modify their marital rights by entering into a valid premarital agreement." *Id*. at 118, 886 N.E.2d at 945.

[19] In *Best*, the parties had entered into a premarital agreement covering a variety of financial and property issues, including the parties' rights to attorney fees. The husband, Steven, filed a petition for dissolution, and before a dissolution had been ordered, Steven sought a declaratory judgment addressing the validity and effect of the premarital agreement. *Id*. at 110, 886 N.E.2d at 940. In its declaratory judgment order, the trial court found that the agreement was valid and enforceable, and it interpreted the agreement to find that a section of the premarital agreement that waived the parties' rights to attorney fees did not apply to custody-related matters. *Id*. The appellate court reversed, finding that Steven had not satisfied the "termination-of-controversy" requirement of Illinois's declaratory judgment statute, and the appellate court refused to review the merits of Steven's claim that the trial court improperly construed the attorney fee waiver provision of the agreement. *Id*. at 110-111, 886 N.E.2d at 941.

[20] In determining that "[c]onstruing the agreement will indeed terminate a significant part of the parties' controversy" – and thus Steven had satisfied the termination-of-controversy requirement – the Illinois Supreme Court noted that no question will remain as to "whether the agreement's provisions provide the controlling authority over the parties' dissolution rights." *Id*. at 117, 886 N.E.2d at 944. The *Best* Court then remanded the matter to the appellate court

for review of the trial court's interpretation of the attorney fee provision, observing:

> *By entering into a premarital agreement under section 4, the parties in this case agreed that their enumerated rights at dissolution are no longer governed by statute* to the extent that they are validly modified or waived in their agreement. Allowing the declaratory judgment before the final dissolution order undoubtedly upheld the parties' rights under the Act to enter into a binding contract before marriage to control the outcome of many issues that could arise during their dissolution.

*Id*. at 118, 886 N.E.2d at 948 (emphasis added).

[21] Likewise, here, by entering into the Agreement, we find that the parties agreed that their rights at dissolution were no longer governed by statute. The Agreement was a legal contract by which the parties sought to settle their respective interests in the property of the other during the course of the marriage and upon its termination. The Agreement was intended to be the governing source defining the parties' rights in property in the event of dissolution, i.e., what is separate property and what is marital property. *See Appellant's App*. at 57 (Agreement stating that rights of parties in each other's property "shall be determined, fixed and settled by this Agreement and not otherwise" and that the parties intended to "waive all benefits of the laws of Illinois"). Accordingly, we find that the trial court did not err when it determined that the Agreement's definition of separate property did not include income from separate property and proceeds from the sale of separate property.

## II. Gifts

[22] We next address Husband's argument regarding the trial court's determinations in its Order regarding gifts. In doing so, we turn to the language of the Agreement. The first paragraph of Section 3, addressing what constitutes separate property, states that all property belonging to either party at the time of the marriage "and all property hereafter acquired by the other party by either bequest, devise, *gift* or inheritance" shall be that party's separate property. *Appellant's App.* at 56 (emphasis added). In her Petition, Wife sought clarification regarding the term "gift":

> 4. Husband further contends that assets acquired by "gift" only become separate property if the gift was made at death. The Agreement provides that separate property includes property acquired by "either bequest, devise, gift, or inheritance." The Agreement is silent as to when the gift is made, and fails to include the language "at death." Wife seeks declaration of this issue.

> *Id*. at 66.

[23] The trial court's Order, with respect to the "gift" issue, determined:

> 3. *The Prenuptial Agreement unambiguously defines property acquired by gift, whether before or during marriage, as separate property*. The pertinent provisions of the Prenuptial Agreement do not indicate an intention of the parties to preclude spousal gifts during the marriage. No language contained in the Prenuptial Agreement limits the definition of a "gift" to property acquired during the marriage from a third party at death, as Husband asserts.

4.  The presumption in Illinois law that a conveyance from one spouse to the other during the marriage is a gift can be overcome by evidence that the transfer was not intended to be a gift.  The Court will hear evidence at the final hearing regarding which, if any, gifts were acquired by a party during the marriage, whether from a third party, or from a spouse.  If one party disputes the characterization of an asset as a gift to the other spouse, the Court will hear evidence and determine whether the requisite donative intent existed at the time of making the gift to classify that asset as the separate property of the party receiving it.

*Id*. at 15-16 (emphasis added).

[24]    On appeal, Husband argues that the trial court erred when it stated, "The Prenuptial Agreement unambiguously defines property acquired by gift, whether before or during marriage, as separate property[,]" because that statement treated all gifts as being separate property of the recipient spouse. *Reply Br*. at 5.  He urges that "not all gifts are created equal" under the terms of the agreement, and, in support, he refers us to language in the second paragraph of Section 3, which he maintains specifically provides that gratuitous inter-spousal transfers of certain property during the course of the marriage is to be treated as marital property, not separate property.  The relevant provision states:

Marital property shall also include any property acquired before marriage *which is given to the spouse by retitling in the other spouse's name* or in the joint name of the parties with the right of survivorship during their marriage.

*Appellant's App*. at 56 (emphasis added).  Husband argues that the above "retitling provision" of Section 3

only controls the gratuitous transfer of *titled* property owned by a spouse prior to marriage. Property that is *not titled*, such as clothing, housewares, jewelry, etc., could still be given and/or gifted to the other spouse without those items becoming marital property if the requisite donative intent has been shown.

*Appellant's Br*. at 15 (emphasis added). Husband suggests that the trial court's Order was a "blanket ruling on how gifts would be treated and defined in this case," *Reply Br*. at 5, and that "[a]s a result of this ruling, anything that is determined to be a gift, even gifts between spouses that would include the retitling of property, is classified as separate property[.]" *Id*. at 6. The Order, he argues, ignored the contractual provision in the parties' Agreement regarding retitling of property and "require[s] the parties to litigate the issue of donative intent on all such transactions." *Appellant's Br*. at 15. He asks that we reverse "paragraphs 3, 4 and 5[9] of the Declaratory Judgment Order as it relates to gratuitous inter-spousal transfers *of titled property*[.]" *Id*. (emphasis added); *see also Reply Br*. at 4.[10]

---

[9] Paragraphs 3 and 4 of the Order are set out in our decision. Paragraph 5 addressed a particular oil lease, whether it was a gift, and whether it was marital property. The trial court declined to rule on the issue, but noted, "[T]he Court acknowledges the characterization of this asset is in dispute, and therefore, will hear evidence on whether the intent in transferring this oil lease [] to [Wife] during the marriage was to make it her separate property or marital property subject to an equal division." *Appellant's App*. at 16.

[10] Accordingly, it appears that Husband does not challenge the trial court's determination as it pertains to inter-spousal gifts of *un-titled* property. However, to the extent that Husband does claim that the trial court's decision as it related to gifts from one spouse to another of un-titled property was erroneous, that argument is waived for failure to present argument or support. Ind. Appellate Rule 46(A)(8).

[25]     Wife opposes Husband's attempt to separate the effect of the Order as it applies to gifts of titled property versus gifts of untitled property, arguing that in her Petition she "simply asked the trial court to settle whether the term 'gift' was restricted to conveyances at death." *Appellee's Br*. at 39. Therefore, she argues, Husband's arguments on appeal regarding gifts of property that were retitled in the name of the other spouse or both spouses are not before this court, are based on "abstract possibilities," and are not ripe for our consideration. *Id*. Although Wife may not have asked the court to make a distinction between titled and non-titled gifts, its Order included the statement that "[the Agreement] unambiguously defines property acquired by gift, whether before or during marriage, as separate property[,]" and Husband's appellate argument is that a broad reading and application of that sentence would conflict with the re-titling provision in paragraph two of Section 3. It is appropriate that we address this matter as it affects the division of the parties' marital estate.

[26]     We do not find that, as Husband requests, reversal of paragraphs 3, 4, and 5 of the Order is warranted. Initially, we observe that the sentence in dispute – "The Prenuptial Agreement unambiguously defines property acquired by gift, whether before or during marriage, as separate property." – does not expressly state that *all* gifts between spouses are separate property. However, to the extent that this sentence could be viewed as a ruling that all inter-spousal gifts, whether of titled property or not, constitute separate property, we find such a reading of that sentence conflicts with Section 3 of the Agreement, which states that "any property . . . which is given to the spouse by retitling in the other

spouse's name or in the joint name of the parties . . . during the period of their marriage" is marital property. *Appellant's App*. at 56. Accordingly, we find that, under the express terms of the Agreement, gifts may be made from one spouse to the other during marriage, and such gifts may be, but are not necessarily, the separate property of the recipient spouse. With this clarification, we affirm the trial court's determinations with regard to gifts under the Agreement.

[27] Affirmed.

[28] Barnes, J., concurs.

[29] Robb, J., concurs in part and dissents in part with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Marriage of:

Jeffrey E. Nelson,

*Appellant-Respondent,*

v.

Julie A. Nelson,

*Appellee-Petitioner.*

**Robb, Judge, concurring in part and dissenting in part**

[30]     The trial court determined and the majority agrees that the Agreement's definition of separate property "does not include the income produced from separate property or proceeds received from the sale of separate property." Appellant's App., Vol. II at 16. I respectfully dissent.

[31]     I agree with the majority that interpretation of the Agreement is not subject to the Illinois statute, but is based on the language of the Agreement alone, and I also agree that the first paragraph of Section 3 defines what is separate property while the second paragraph of Section 3 defines what is marital property. However, based on the language of the Agreement, I conclude that income and proceeds from separate property remain separate property.

[32]    As the majority notes, we interpret the Agreement to give effect to the parties' intent. *See* slip op. at ¶ 10. And we view the Agreement as a whole and do not focus on singular or isolated terms. *See id.* It is clear to me that the parties' intent was to keep their separate property entirely separate, without exception. The first paragraph of Section 3 defining what is separate property essentially reads as follows:

> [A]ll property . . . belonging to the other party at the commencement of their marriage, . . . [(]including . . . any assets . . . attributable to any appreciation in value of such property,[)] . . . *and* all property hereafter acquired by the other party by either bequest, devise, gift or inheritance, *and* all property acquired in exchange for separate property, *shall remain the separate property of the other party during their lifetime and after their death and in the event of a divorce* . . . .

Appellant's App., Vol. 11 at 56 (emphasis added). Appreciation in value of separate property is separate property. Property acquired in exchange for separate property becomes separate property. I see no reason why income and proceeds, like appreciation and new property acquired from separate property, would not follow the asset.

[33]    The fact that the singular word "proceeds" appears in the second paragraph of Section 3 defining what is marital property does not necessarily mean that "proceeds" were not addressed by the first paragraph of Section 3 defining what is separate property. All it means is that any proceeds not arising from separate property are marital property. Moreover, if the mere use of the word

"proceeds" in the second paragraph of Section 3 defines its character, what of "income," which is not mentioned in either paragraph?

[34]     In short, in considering the Agreement as a whole and the clear intent of the parties to keep their separate property as their own, I would reverse the trial court's determination that "income and proceeds" are marital property.

[35]     In all other respects, I concur in the majority decision.